**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BRUCE ALLEN OLSON,**

**Petitioner,**

**v.** **Case No. 26-CV-1368**

**MATT SPENCE,**[1]

**Defendant.**

---

# ORDER

---

Bruce Allen Olson is incarcerated at the Sheboygan Country Detention Center awaiting trial in Sheboygan County Circuit Court case number 2026CF417. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that detention for his inability to post the required cash bail violates the Eighth and the Fourteenth Amendments. Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee.

The court finds that Olson is indigent and therefore will grant his motion to proceed without prepayment of the filing fee.

The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 requires

---

[1] The respondent in a habeas petition is the official having custody of the petitioner. The official in charge of the Sheboygan County Detention Center is Sheboygan County Sheriff Matt Spence. The caption is updated accordingly.

the court to review a petition to determine if it is sufficient to proceed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2).

Although not explicitly required by statute, courts have repeatedly held that persons seeking relief from state custody under 28 U.S.C. § 2241 must nonetheless exhaust their remedies in state court before turning to federal court. *See Seger v. Illinois*, No. 25-CV-00334-SPM, 2025 U.S. Dist. LEXIS 94401, at *2-3 (S.D. Ill. May 16, 2025) (citing, in part, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). Exhaustion, which requires a petitioner to present all claims to one complete round of review by the state courts (*e.g.*, the Wisconsin Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court), *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), is required as a matter of comity to ensure proper respect for the states under the system of dual federalism. *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004); *Seger*, 2025 U.S. Dist. LEXIS 94401, at *2-3; *Johnson v. Sheriff*, No. 2:25-CV-81-PPS-AZ, 2025 U.S. Dist. LEXIS 42081, at *2 (N.D. Ind. Mar. 7, 2025). A petitioner's failure to exhaust is a sufficient reason to dismiss a § 2241 petition. *Dandridge v. Rivers*, No. 20 C 50035, 2020 U.S. Dist. LEXIS 117522, at *4 (N.D. Ill. July 1, 2020) (citing *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009)).

Olson has failed to exhaust his state court remedies. (ECF No. 1 at 2.) Accordingly, the court will dismiss his petition.

**IT IS THEREFORE ORDERED** that Olson's motion to proceed without prepayment of the filing fee (ECF No. 4) is **granted**.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus is **denied** and this action is **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court declines to issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 9th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge